## *BYNUM* vs. *ARMSTRONG.*

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The defendant is appellant from the judgment of the district court, which perpetuates

West'n. Dis't
October 1826

M'CRUMMEN
*vs*
M'CRUMMEN
& AL.

5 ns 159,
45 1346

An agreement by which A *sells* cotton to B, on condition that the latter shall take it to another place, sell it, and pay over the proceeds to the creditors of the vender, is not a contract of sale.

West'n Dis'ct.
October, 1826.

BYNUM
*vs.*
ARMSTRONG

an injunction, obtained by the plaintiff to pre-vent the sale of a quantity of cotton, on which the former had caused a *fi. fa.* against F. A. Bynum to be levied.

The plaintiff claims the cotton, as part of the estate of Parham T. Bynum, of which he is curator, as having been purchased by his estate from Francis A. Bynum, according to the following document.

"Articles of agreement made and entered into between Francis A. Bynum, and Parham T. Bynum, both of the parish of Rapides, witness, that F. A. B. has bargained, sold and delivered to P. T. B. and by these presents, sells, bargains, transfers and delivers to him, all his crop of cotton, which has been raised on his two plantations, the present year, the greater part of which is gathered, and some of it ginned and baled, and is contained in his gin and cotton house, on his upper plantation.

In consideration of which the said P. T. B. promises and obliges himself to pay to F. A. B. such price as he may obtain for it in New-Orleans, after deducting freight and charges of sale : first paying out of the said price a debt due by F. A. B. in two judgments obtained against him by L. R. in the sixth

district court for the parish of Rapides, and

in the next place payi g a claim of W. M. as far as $4000, against F. A. Bynum, and the balance of the price of said cotton to F. A. Bynum or his order."

The character of a contract is to be sought in the object the parties sought to accomplish, rather than in the appellati n they gav it; in what is done, than in the words that are used.

Thus, there is no contract of sale, without a price in money, and if A. sell to B. a horse for a mu e, which B. promises to deli er, there is no contract of sale, but one of exchange.

The object of the contract of sale is to make the vendee have the thing sold as his own, to give him a right to, an interest in it.

Here the intestate acquired no right nor interest in the cotton : he was authorised, and undertook to convey it to, and to sell it in, New-Orleans, and to pay the proceeds to the creditors of the owner and his order. The cotton was never at the risk of the intestate ; had it been destroyed by fire, or sunk in the river, without his fault, the loss must have been his employer's F. A. B. *Res perit domino.*

The intestate incurred no other obligation

West'n Dis'c'
*October*, 1826.

BYNUM
*vs.*
ARMSTRONG.

than to use his best endeavors to convey the cotton to New-Orleans, sell it, and pay the price to F. A. B. This did not make the intestate an owner, for the cotton was not at his risk, and he was neither to have any benefit or sustain a loss, in case of a rise or fall in its value. The profits and risks were all F. A. B's. who never ceased to be the owner. The cotton was therefore properly seized as his property.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the injunction dissolved, the plaintiff paying costs in both courts.

*Scott* for the plaintiff, *Thomas* for the defendant.